Bin Rehman v. Wilkinson

BIA
A098 424 207/208

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-one.

PRESENT:
DENNIS JACOBS,
ROSEMARY S. POOLER,
GERARD E. LYNCH,
*Circuit Judges.*

_____

MALIK NAVEED BIN REHMAN, ZAHIDA ALTAF,
*Petitioners,*

v.                                              18-2671
                                                NAC

ROBERT M. WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
*Respondent.*[1]

_____

FOR PETITIONERS:          Glenn L. Formica, New Haven, CT.

FOR RESPONDENT:           Joseph H. Hunt, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted as Respondent.

Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Malik Naveed Bin Rehman and Zahida Altaf, natives and citizens of Pakistan, seek review of an August 29, 2018, decision of the BIA, denying their motion to reopen. *In re Malik Naveed Bin Rehman, Zahida Altaf,* Nos. A098 424 207/208 (B.I.A. Aug. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In their motion to reopen, Petitioners argued that, as asserted in their underlying asylum application, they continue to fear that Altaf's family will harm them because the family disapproved of their marriage due to Bin Rehman's caste. They argued that honor killings were increasing in Pakistan and that their former counsel was ineffective because he failed to provide the immigration judge ("IJ") evidence they had submitted in support of their Canadian

2

asylum application, letters from their relatives, or evidence of honor killings in Pakistan.

It is undisputed that Petitioners' 2018 motion was untimely because it was filed more than seven years after their removal order became final in 2010. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation on a motion to reopen may be excused if the motion seeks to apply for asylum based on a material change in conditions in the country of removal or alleges a valid claim of ineffective assistance of counsel, 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *Iavorski v. U.S. INS*, 232 F.3d 124, 134–35 (2d Cir. 2000), the BIA did not err in finding that Petitioners' evidence was insufficient to excuse the time limit.

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . ., the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) ("[E]vidence submitted by petitioner in support of

3

. . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application."). Petitioners have abandoned any challenge to the BIA's finding that they did not overcome the agency's underlying adverse credibility determination by not arguing this issue in their brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Regardless, that finding was not in error because the evidence they submitted in support of reopening did not address or explain the inconsistent evidence underlying the adverse credibility determination. Because this finding is dispositive, *see Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3, we do not reach the BIA's alternative bases for denying the motion, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We also find no error in the BIA's decision declining to excuse the time limit based on Petitioners' claim of ineffective assistance. Petitioners failed to show that they exercised the requisite due diligence because they did not

4

demonstrate that they took any action for over seven years after the BIA issued its order of removal. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (providing that petitioners are required to show the exercise of due diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed"); *see also Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (collecting cases for the proposition that "a petitioner who waits two years or longer to take steps to reopen a proceedings has failed to demonstrate due diligence"). The record belies Petitioners' contention that they were unaware of counsel's alleged ineffective assistance given their statements at their hearing before the IJ blaming counsel for failing to submit certain evidence. Petitioners also do not demonstrate the requisite prejudice by failing to submit either the missing evidence or evidence rebutting the underlying credibility determination. *See Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994) (providing that actual prejudice requires a showing of prima facie eligibility for relief).

Accordingly, because Petitioners did not rebut the agency's underlying adverse credibility determination or satisfy the requirements for an ineffective assistance claim, the BIA did not abuse its discretion in denying their motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *see also Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                         FOR THE COURT:
                         Catherine O'Hagan Wolfe,
                         Clerk of Court
```